UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENVIRONMENTAL INTEGRITY PROJECT )
1920 L Street NW, Suite 800 )
Washington, DC 20036 )
 )
THE SIERRA CLUB ) Civil Action No.
1308 West 2nd Street )
Little Rock, AR 72201 )
 )
    Plaintiffs, )
 )
    v. )
 )
LISA P. JACKSON, in her official )
Capacity as Administrator, United States )
Environmental Protection Agency, )
Ariel Rios Building, Mail Code 1101A )
1200 Pennsylvania Ave., NW )
Washington, DC 20460 and the United States )
Environmental Protection Agency )
 )
    Defendants )

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

### I. STATEMENT OF THE CASE

1. Plaintiffs Environmental Integrity Project and Sierra Club (collectively, "Plaintiffs") challenge the failure of Defendant Lisa P. Jackson, in her official capacity as Administrator of the Environmental Protection Agency ("EPA" or "Defendant"), to perform her non-discretionary duties under the Clean Air Act, 42 U.S.C. §§ 7401-7671q. Specifically, Title V of the Clean Air Act establishes a mandatory 60-day deadline for Defendant to grant or deny a citizen petition for an objection to a Clean Air Act Title V operating permit. 42 U.S.C. § 7661d(b)(2). Defendant has failed to meet this deadline with respect to a petition filed by Plaintiffs seeking EPA's

1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENVIRONMENTAL INTEGRITY PROJECT )<br>1920 L Street NW, Suite 800 )<br>Washington, DC 20036 )<br> )<br>THE SIERRA CLUB )<br>1308 West 2nd Street )<br>Little Rock, AR 72201 )<br> )<br>     Plaintiffs, )<br> )<br>     v. )<br> )<br>LISA P. JACKSON, in her official )<br>Capacity as Administrator, United States )<br>Environmental Protection Agency, )<br>Ariel Rios Building, Mail Code 1101A )<br>1200 Pennsylvania Ave., NW )<br>Washington, DC 20460 )<br> )<br>     Defendant ) | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

## I. STATEMENT OF THE CASE

1. Plaintiffs Environmental Integrity Project and Sierra Club (collectively, "Plaintiffs") challenge the failure of Defendant Lisa P. Jackson, in her official capacity as Administrator of the Environmental Protection Agency ("EPA" or "Defendant"), to perform her non-discretionary duties under the Clean Air Act, 42 U.S.C. §§ 7401-7671q. Specifically, Title V of the Clean Air Act establishes a mandatory 60-day deadline for Defendant to grant or deny a citizen petition for an objection to a Clean Air Act Title V operating permit. 42 U.S.C. § 7661d(b)(2). Defendant has failed to meet this deadline with respect to a petition filed by Plaintiffs seeking EPA's

1

objection to Clean Air Act Title V Operating Permit Number 212-AOP-R0 that the Arkansas Department of Environmental Quality ("ADEQ") issued to American Electric Power/Southwestern Electric Power Company ("SWEPCO") for operation of John W. Turk, Jr. Power Plant. Plaintiffs timely filed their petition with EPA on November 24, 2008. Plaintiffs also issued a 60-day notice of intent to sue letter to EPA on February 11, 2009. For approximately six months, Administrator Jackson has failed to act on Plaintiffs' timely filed petition objecting to SWEPCO's Title V Federal Operating Permit issued by ADEQ November 5, 2008.

## II. JURISDICTION, VENUE AND NOTICE

2. This is a Clean Air Act citizen suit. Thus, this Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604(a)(2), and has the authority to award attorneys' fees pursuant to 42 U.S.C. § 7604(d). The Clean Air Act and the Administrative Procedure Act are federal statutes. The Defendant is an agent of the United States government. Thus, this Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 28 U.S.C. §§ 1331 (federal question) and 1346 (United States as defendant). This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146, and does not involve the Tariff Act of 1930. Thus, this Court has authority to order the declaratory relief requested under 28 U.S.C. § 2201. If the Court orders such relief, 28 U.S.C. § 2202 authorizes this Court to issue injunctive relief, and 28 U.S.C. § 2412 authorizes this Court to award Plaintiffs their costs and attorneys' fees.

3. A substantial part of the alleged events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia. In addition, this suit is being brought against the

Administrator in her official capacity as an officer or employee of the United States Environmental Protection Agency, residing in the District of Columbia. Thus, venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e).

4. In compliance with 42 U.S.C. § 7604 (b)(1)(A), on February 11, 2009, Plaintiffs notified via certified first-class mail the Administrator of the EPA, the U.S. Attorney General, the EPA Regional Administrator for Region 6, and the ADEQ Air Permits Division Director of the violations alleged in this complaint and of Plaintiffs' intent to sue. See App. A, Environmental Integrity Project's Notice of Intent to Bring Suit Against Administrator Jackson for Failure to Grant or Deny Environmental Integrity Project's Petition to Object to American Electric Power/Southwestern Electric Power Company's Title V Permit (February 11, 2009). More than 60 days have passed since Defendant received the notice of intent to sue letter. Defendant has not acted to remedy the violations alleged in this complaint. Therefore, an actual controversy exists between the parties.

### III. PARTIES

5. Plaintiff SIERRA CLUB is one of the oldest and largest grassroots environmental organizations in the country, with more than 700,000 members nationwide. Sierra Club is a nonprofit corporation organized under California law, and works to preserve and enhance the natural environment and protect public health. The Sierra Club has the specific goal of improving outdoor air quality. As one method of achieving its mission, Sierra Club participates in permitting procedures for power plants that emit air pollution. Sierra Club provided comments on the SWEPCO Title V Operating Permit. The Administrator's failure to perform

3

the non-discretionary duty to grant or deny Plaintiffs' petition objecting to SWEPCO's Title V Operating permit injures the organizational interests of Sierra Club and its members.

6. The Sierra Club and its members have an interest in ensuring that any permits issued for the SWEPCO power plant comply with all applicable statutory and regulatory requirements. The Sierra Club has offices and programs in Arkansas. Sierra Club members own property, reside, and/or recreate nearby and downwind of the proposed Turk plant. Defendant's failure to respond to Sierra Club's petition prevents Sierra Club and its members from being certain that the Title V operating permit complies with requirements of the Clean Air Act and protects them from exposure to air pollutants.

7. Plaintiff ENVIRONMENTAL INTEGRITY PROJECT ("EIP") is a national non-profit corporation dedicated to ensuring effective enforcement of environmental laws as a part of its mission. As one method of achieving its mission, EIP participates in permitting procedures for power plants that emit pollution. EIP filed comments on SWEPCO's Title V operating permit during the official notice and comment period. EIP's organizational interest in ensuring the enforcement of environmental laws is adversely impacted if EPA fails to act on non-discretionary duties, such as EPA's failure to respond to EIP's Title V petition.

8. For the foregoing reasons, EPA's failure to respond to Plaintiffs' Premcor petition has caused, and is causing, and unless this Court grants the requested relief, will continue to cause Plaintiffs concrete injuries which the Court can redress through this case.

9. Defendant LISA P. JACKSON is the Administrator of the Environmental Protection Agency. The Administrator is responsible for implementing and enforcing the Clean Air Act.

As described below, the Clean Air Act assigns the Administrator certain non-discretionary duties, including the requirement to grant or deny Plaintiffs' petition within 60 days.

## IV. LEGAL AUTHORITY

10. The Clean Air Act is designed to protect and enhance the quality of the nation's air so as to promote the public health and welfare and productive capacity of its population. 42 U.S.C. § 7604(b)(1). To help meet this goal, the 1990 amendments to the Clean Air Act added Title V, creating an operating permit program that applies to SWEPCO's John W. Turk, Jr. Power Plant. See 42 U.S.C. §§ 7661-7661f.

11. A primary purpose of the operating permit program is to reduce violations of the Clean Air Act and improve enforcement by recording in one document all of the air pollution control requirements that apply to an air pollution source. See New York Public Interest Research Group v. Whitman, 321 F.3d 316, 320 (2d Cir. 2003). Major sources of pollution, such as the Turk Power Plant, cannot legally discharge pollutants into the air unless they have a valid Title V operating permit. 42 U.S.C. § 7661a(a).

12. The Clean Air Act provides that the EPA Administrator may approve states' programs to administer the Title V permitting program with respect to sources within their borders. 42 U.S.C. § 7661a(d). The Administrator approved Arkansas' administration of its Title V permit program. 66 Fed. Reg. 51,312 (Oct. 9, 2001). The Arkansas Department of Environmental Quality is responsible for issuing Title V permits in Arkansas.

13. Before a Title V operating permit can be issued by a state, like Arkansas, the state must forward the proposed Title V operating permit to EPA for review. 42 U.S.C. § 7661d(a)(1)(B). EPA then has 45 days in which it can review the proposed permit. EPA must object to the

permit issuance if EPA finds that the permit does not comply with all applicable provisions of the Clean Air Act. 42 U.S.C. 7661d(b)(1). If EPA does not object to the permit issuance, after EPA's review period, "any person may petition the Administrator within 60 days" to object to the proposed permit. 42 U.S.C. 7661d(b)(2).

14. The Administrator then has a non-discretionary duty within 60 days to act, and either grant or deny, a citizen petition requesting that EPA object to the issuance of a Title V operating permit on the basis that it contains provisions not in compliance with the Clean Air Act. Id.; New York Public Interest Research Group v. Whitman, 214 F.Supp 2d 1, 2 (D.D.C. 2002).

15. The Clean Air Act authorizes citizen suits "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2).

## V. FACTUAL BACKGROUND

16. SWEPCO applied to the ADEQ for a Title V federal operating permit for the Turk Power Plant on August 10, 2006. During the permit application process, ADEQ held two public notice and comment periods.

17. Plaintiffs timely submitted written comments to ADEQ during public notice and comment periods on July 28, 2007, and again on September 23, 2008. Plaintiffs' comments catalogued specific deficiencies and problems with the proposed permit, including the failure to require adequate monitoring and reporting to assure compliance with emission limits. In addition, Plaintiffs are particularly concerned about the Hazardous Air Pollutant (HAP) emissions from SWEPCO's proposed 600 megawatt coal-fired electric generating unit.

6

18. ADEQ then submitted SWEPCO's proposed Title V Operating Permit to EPA for review. EPA received the proposed Title V Permit on August 11, 2008, and EPA's 45-day review period ended on September 25, 2008. 42 U.S.C. § 7661d(b)(1). EPA did not object during its review period, and ADEQ issued the SWEPCO Title V permit on November 5, 2008.

19. On November 24, 2008, Plaintiffs timely filed with EPA a petition for objection within 60 days following the end of EPA's 45 day review period. 42 U.S.C. § 7661d(b)(2). The petition was based on objections that were raised during the notice and comment period.

20. The EPA Administrator had 60 days, until January 23, 2009, to grant or deny the petition. Id. For approximately six months, the Administrator has failed to exercise her non-discretionary duty to either grant or deny Plaintiffs' petition.

## VI. CAUSE OF ACTION

### FAILURE TO RESPOND TO PLAINTIFFS' PETITION TO EPA REQUESTING OBJECTION TO THE SWEPCO PERMIT

[42 U.S.C. § 7661d(b)(2)]

21. Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1-20.

22. On November 24, 2008 Plaintiffs submitted to Defendant a petition to object to SWEPCO's Title V Operating Permit.

23. The Clean Air Act required Defendant to act on Plaintiffs' SWEPCO petition within 60 days of the filing. 42 U.S.C. § 7661d(b)(2). "The Administrator *shall* grant or deny such a petition within 60 days after the petition is filed." This is a clear non-discretionary duty. New York Public Interest Research Group, Inc. v. Christine T. Whitman, 214 F. Supp. 2d 1, 3 (D.D. C. 2002).

7

24. It has been more than 60 days since Defendant received the petition requesting that EPA object to the SWEPCO Title V Operating Permit. Defendant's failure to grant or deny the petition constitutes a failure to perform an act or duty that is not discretionary within the meaning of Clean Air Act section 304(a)(2). 42 U.S.C. § 7604(a)(2).

25. Therefore, Defendant has violated and remains in violation of its non-discretionary duty to grant or deny the Plaintiffs' petition within 60 days, as required by 42 U.S.C. § 7661d (b)(2).

## PRAYER FOR RELIEF

WHEREFORE, based upon the allegations set for above, Plaintiffs respectfully request that this Court:

- A. declare that Defendant's failure to grant or deny the Plaintiffs petition for objection to the SWEPCO Title V Operating Permit constitutes a failure to perform an act or duty that is not discretionary with the Defendant within the meaning of 42 U.S.C. § 7604(a)(2);
- B. order the Defendant to grant or deny the petition for objection to the SWEPCO Title V Operating Permit in accordance with an expeditious schedule prescribed by the Court;
- C. order the Defendant to create a procedure to ensure that Defendant responds expeditiously to petitions filed under 42 U.S.C. § 7661d(b)(2);
- D. retain jurisdiction over this action to ensure compliance with the Court's Order;
- E. award Plaintiffs their costs and fees related to this action; and

F.  grant such other relief as the Court deems just and proper.

Respectfully submitted,

*[signature: Eric Schaeffer]*

Eric Schaeffer, D.C. Bar Number: 427669
Environmental Integrity Project
1920 L Street, NW Ste. 800
Washington, DC 20036
Tel: (202) 296-8800
Fax: (202) 296-8822
Email: eschaeffer@environmentalintegrity.org

Counsel for Plaintiffs

DATED: June 1, 2009

*Eric Schaeffer* (signature)
Eric Schaeffer

## Appendix A:

Environmental Integrity Project's Notice of Intent to Bring Suit Against Administrator Jackson for Failure to Grant or Deny Environmental Integrity Project's Petition to Object to American Electric Power/Southwestern Electric Power Company's Title V Permit

February 11, 2009

# Appendix A:

Environmental Integrity Project's Notice of Intent to Bring Suit Against Administrator Jackson for Failure to Grant or Deny Environmental Integrity Project's Petition to Object to American Electric Power/Southwestern Electric Power Company's Title V Permit

February 11, 2009

**Environmental Integrity Project**
1303 San Antonio, Suite 200
Austin, Texas 78701
Phone: (512) 637-9477
Fax: (512) 584-8019
www.environmentalintegrity.org

February 11, 2009

***VIA CERTIFIED MAIL***
Ms. Lisa P. Jackson
Administrator
U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, NW
Washington, DC 20406

RE: *Environmental Integrity Project's Notice of Intent to Bring Suit Against Administrator Jackson for Failure to Grant or Deny Environmental Integrity Project's Petition to Object to American Electric Power/Southwestern Electric Power Company's Title V Permit for operation of John W. Turk, Jr. Power Plant, a Nondiscretionary Duty Under 42 U.S.C. §7661d(b)(2)*

Dear Administrator Jackson,

I am writing on behalf of the Environmental Integrity Project and Sierra Club ("Plaintiffs") to provide you with notice of intent to bring suit against the Administrator of the U.S. Environmental Protection Agency ("EPA") for failing to perform a nondiscretionary duty.

As explained more fully below, EPA failed to grant or deny Plaintiffs' petition objecting to American Electric Power/Southwestern Electric Power Company's proposed Title V Federal Operating Permit for operation of John W. Turk, Jr. Power Plant, which was issued on November 5, 2008. The petition was timely filed on November 24, 2008. The Administrator's failure to act on Plaintiffs' petition is a violation of 42 U.S.C. §7661d (b)(2), which requires the Administrator to grant or deny such petitions within 60 days after the petition is filed.

## Authority to Bring Suit

Clean Air Act section 304 (a)(2) authorizes citizen suits "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 42 U.S.C. §7604(a)(2). The Administrator has a nondiscretionary duty to grant or deny petitions filed by citizens that object to the issuance of a federal operating permit on the basis that it contains provisions not in compliance with the Clean Air Act. 42 U.S.C. §7661d (b). In the event that the Administrator fails to perform this nondiscretionary duty, citizens may bring suit to compel such action. The district courts have

jurisdiction over these suits. 42 U.S.C §7604(a); *New York Public Interest Research Group, Inc. v. Christine T. Whitman*, 214 F. Supp. 2d 1, 3 (2002).

The Clean Air Act requires citizens to give the Administrator 60 days notice before bringing an action under section 304 (a)(2). 42 U.S.C. §7604(b)(2). Plaintiffs are hereby giving Administrator Jackson notice of their intent to file suit against her, in her official capacity as Administrator of the EPA, under Clean Air Act section 304(a)(2) for failing to perform a nondiscretionary duty. Plaintiffs have the authority to commence this suit at any time 60 days after the Administrator has received this notice.

### EPA's Failure to Perform a Nondiscretionary Duty

During the Arkansas Department of Environmental Quality ("ADEQ") review of American Electric Power/Southwestern Electric Power Company's ("SWEPCO") Title V Federal Operating Permit for John W. Turk, Jr. Power Plant, Plaintiffs timely submitted written comments to ADEQ during public notice and comment periods on July 28, 2007, and again on September 23, 2008.

Plaintiffs' comments articulated numerous specific objections to provisions in SWEPCO's draft Title V permit. First, the proposed best available control technology ("BACT") analysis for the Turk plant's PSD permit is flawed as SWEPCO and ADEQ failed to adequately conduct the required full impacts analysis to determine whether this proposed source would cause or contribute to a violation of the national health-based ambient air quality standards (the "NAAQS") or PSD increments (including visibility in a Class I area). Flawed BACT analysis for a construction permit cannot be "bootstrapped" into a Title V permit. Second, the proposed maximum available control technology ("MACT") analysis is flawed as the Clean Air Act requires MACT analysis for hazardous air pollutants, and ADEQ did not conduct adequate "floor" and "beyond the floor" MACT analysis, or consider alternatives to control these air pollutants at the Turk Plant. Third, the Permit fails to assure compliance with and practical enforceability of the emission limits and standards required for PSD permits and Title V of the Clean Air Act. Finally, the Title V Permit fails to regulate harmful Carbon Dioxide ($CO_2$) and Greenhouse Gas (GHG) Emissions from the Turk plant. See App. A (Plaintiffs' Petition for Objection).

EPA received the proposed Title V Permit from ADEQ on August 11, 2008. EPA's 45-day review period ended on September 25, 2008. EPA did not object to the proposed Permit during the review period, and ADEQ issued the Permit on November 5, 2008.

When the Administrator does not object to a permit containing provisions that are not in compliance with the Clean Air Act, citizens may petition the Administrator to object. 42 U.S.C. §7661d (b)(2). The Administrator must respond within 60 days after such a petition is filed by either granting or denying the petition. 42 U.S.C. §7661d (b)(2). The language of the statute states: "[t]he Administrator *shall* grant or deny such petition within 60 days after the petition is filed." This is very clearly a nondiscretionary duty. *New York Public Interest Research Group*, 214 F. Supp. 2d at 1-3.

Because the permit, even as modified by ADEQ, is not in compliance with the Clean Air Act, Plaintiffs filed a Petition for Objection on November 24, 2008, under Clean Air Act section 505(b)(2). 42 U.S.C. §7661d(b)(2); 40 C.F.R. 70.8(d); App. A, (Plaintiffs' Petition for Objection). This petition was timely filed within 60 days following the end of EPA's 45 day review period and was based solely on objections to the permit that were raised in Plaintiffs' comments. The Administrator had 60 days, until January 23, 2009, to grant or deny the petition. 42 U.S.C. § 7661d (b)(2).

The Administrator has not yet granted or denied the petition. Therefore, the Administrator has failed to perform the nondiscretionary duty to grant or deny Plaintiffs petition and is in violation of 42 U.S.C. § 7661d (b)(2).

## Relief Requested

Plaintiffs intend to file suit 60 days after the Administrator receives this notice to compel the Administrator to perform her nondiscretionary duty to grant or deny Plaintiffs' petition. Plaintiffs will seek the following relief:

1. An order compelling Administrator Jackson to grant or deny Plaintiff's petition within 60 days from the date of the order;
2. Attorneys' fees and other litigation costs; and
3. Other appropriate relief as allowed.

If you have any questions regarding the allegations in this notice, believe any of the foregoing information to be in error, wish to discuss the exchange of information, or would otherwise like to discuss a settlement of this matter prior to the initiation of litigation, please contact us at the address below.

Respectfully submitted,

Ilan Levin
Kimberly Wilson
ENVIRONMENTAL INTEGRITY PROJECT
1303 San Antonio Street, Ste. 200
Austin, TX 78701
(512) 637-9479 (phone)
(512) 584-8019 (facsimile)
Email: ilevin@environmentalintegrity.org

## cc Via Certified Mail:

Eric H. Holder Jr., U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Lawrence E. Starfield, Acting Regional Administrator
U.S. EPA Region 6
1445 Ross Avenue, Suite 1200
Mail Code 6RA
Dallas, TX 75202-2733

Arkansas Department of Environmental Quality
Attention: Mike Bates, Air Division Chief
5301 Northshore Drive
North Little Rock, Arkansas 72118